**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Hector VASQUEZ, aka Peter Barker,
aka Michael Vega, Defendant—
Appellant.**

Nos. 03–10268, 04–10148.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 18, 2005.

Submission Vacated March 21, 2005.

Resubmitted June 20, 2005.

Decided June 23, 2005.

Sharon K. Sexton, U.S. Attorney's Office, Phoenix, AZ, for Plaintiff—Appellee.

Martin Lieberman, Esq., Phoenix, AZ, for Defendant—Appellant.

Before: HAWKINS, MCKEOWN, and CLIFTON, Circuit Judges.

MEMORANDUM *

Hector Vasquez appeals his conviction on and sentence for multiple counts of possession and distribution of child pornography. We affirm the judgment of conviction and remand the sentence in accordance with *United States v. Ameline,* 409 F.3d 1073 (9th Cir.2005) (en banc).

The district court did not err in denying Vasquez a new trial based on alleged ineffective assistance of counsel. Under *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), Vasquez failed to show both that counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced him. Vasquez's attorney provided a detailed, reasonable explanation for not calling Thomas Havatone. A counsel's "tactical" decision not to call a witness does not provide a basis for ineffective assistance of counsel. *See id.* at 690, 104 S.Ct. 2052 ("[S]trategic choices ... virtually unchallengeable....").

The district court also did not err by permitting the indictment to be amended on Counts 28, 29, and 30 from possession of "one image" of child pornography to possession of "three or more images." At most, the amendment was a nonfatal variance, not a constructive amendment. The evidence offered at trial hardly proved facts "materially different from those alleged in the indictment." *See United States v. Adamson,* 291 F.3d 606, 614 (9th Cir.2002). Changing the proof required from one image to three, in the context of this case, did not prejudice Vasquez, and thus does not require reversal of the conviction. *See id.* at 615.

The government did not fail to prove that Counts 28 and 29 involved interstate commerce. Under 18 U.S.C. § 2252A(a)(5)(B) (1996), the use of a computer in transporting images may provide the interstate commerce nexus. *See United States v. Guagliardo,* 278 F.3d 868, 870 (9th Cir.2002); *United States v. Lacy,* 119 F.3d 742, 749 (9th Cir.1997) (interpreting similarly worded 18 U.S.C. § 2252(a)(4)(B)) ("We agree ... that jurisdiction exists if the pictures ... traveled in interstate commerce.") (internal quotations and citation omitted).

The district court did not err in denying a second motion for a new trial based on allegedly new evidence. The district court correctly found that Vasquez put forth no newly discovered evidence in support of this motion.

Because Vasquez did not challenge his sentence on Sixth Amendment grounds in the district court, we grant a limited remand pursuant to *Ameline.*

**AFFIRMED IN PART, REMANDED IN PART.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.